[Criminal No. 944.   Filed May 1, 1944.]

[148 Pac. (2d) 1000.]

STATE OF ARIZONA, Appellee, v. D. S. HYNDS, Appellant.

Mr. Joe Conway, Attorney General, Mr. Thomas J. Croaff, Assistant Attorney General, Mr. Frank E. Tippett, County Attorney and Mr. D. E. Reinhardt, Deputy County Attorney, for Appellee.

Mr. C. H. Richeson, for Appellant.

DE CONCINI, Superior Judge.—D. S. Hynds, the appellant in this case, was defendant below. He was charged with practicing chiropody in Gila County, Arizona, without first procuring a license as provided by Chapter 112, Session Laws of 1941. He was found guilty in the Justice Court, appealed his case to the Superior Court, was found guilty there and is here on the following assignments of error:

1. That the court below erred in denying appellant's motion to dismiss.

2. That the court erred in denying the motion asking for the names of witnesses on the ground that it was not presented seasonably.

3. That the judgment is not in accordance with the evidence.

4. That the judgment is contrary to law.

■ The first assignment of error goes to the lower court's ruling on his motion to dismiss. The motion raises two points: (1) That the complaint does not sufficiently comply with Section 44–301, Arizona Code Annotated 1939. The appellant had his remedy under Section 44–712, Arizona Code Annotated 1939, which provides for a bill of particulars. See *State* v. *Benham,* 58 Ariz. 129, 118 Pac. (2d) 91. (2) That the law is unconstitutional in that the law provides as follows: "[Section] 67–2005. *Qualifications of applicant.* . . . 4. is a graduate of an accredited chiropody school whose standards are recognized by the National Chiropody Association."

■ The appellant contends that this was an unlawful delegation by the legislature of its authority in that it passed the power to regulate the practice of chiropody to the National Chiropody Association. This it did not do as a careful reading of the above quoted section will reveal. This case is distinguished from the *Buehman* v. *Bechtel* case, 57 Ariz. 363, 114

Pac. (2d) 227, 134 A. L. R. 1374, in that the statute involved here "reasonably promotes the public health, safety or welfare" of its citizens.

■ Appellant's assignment No. 4 that the judgment is contrary to law is partly covered in his assignment No. 1, but in addition thereto he seeks to be relieved from the law on the ground that Section 67–2016 (4), Arizona Code Annotated 1939, provides for exemption of one engaged in making or manufacturing arch supports. The same assignment of error is also related to assignment No. 3 that the judgment is not in accordance with the evidence. If the evidence was solely that he was a manufacturer of arch supports and did nothing else, there might be some grounds for his contention. But assignments No. 3 and No. 4 are not good under the evidence that was adduced in this case. The verdict is supported by the evidence.

■ Appellant's second assignment of error is based on the fact that the names of the witnesses were not endorsed on the complaint. Section 44–759, Arizona Code Annotated 1939, provides that the names of the witnesses should be endorsed on the indictment or information. While this technically is not an indictment or information, yet it is a criminal action and had it been filed in the Superior Court in the first instance it would have been on an information and, therefore, the defendant would be entitled to the names of the witnesses as provided by law. However, in this case the appellant did not request the names until the day before the trial in the Superior Court, some forty days after his trial in the Justice Court; and while the lower court did refuse to order the county attorney to so supply the names, the county attorney did, as a matter of courtesy, supply the names of the state's witnesses to the defendant. It

is apparent there was nothing prejudicial to the applicant in the court below.

The appellant has no grounds for appeal. The judgment of the lower court is affirmed.

ROSS and STANFORD, JJ., concur.

EVO DE CONCINI, Judge of the Superior Court of Pima County, sitting in the place and stead of Chief Justice A. G. McALISTER.